**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL EDWARD ASUNCION,
<u>Plaintiff-Appellant,</u>

v.

THE CITY OF GAITHERSBURG,
MARYLAND; DAVID HUMPTON,

No. 95-1159

Gaithersburg City Manager; CITY
COUNCIL OF GAITHERSBURG; A. P.
YOKLEY, Officer; UNKNOWN POLICE
OFFICERS OF THE CITY OF
GAITHERSBURG, MARYLAND,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, Chief District Judge.
(CA-93-46-JFM)

Submitted: September 20, 1995

Decided: January 3, 1996

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gary Howard Simpson, Bethesda, Maryland, for Appellant. Paul T.
Cuzmanes, Cynthia L. Ambrose, WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Asuncion filed a complaint alleging that Officer A.P. Yokley, the City of Gaithersburg, Maryland, and others (collectively, the City) violated his civil rights.[1] See 42 U.S.C. § 1983 (1988). The alleged violation stems from the arrest and prosecution of Asuncion for disorderly conduct after he was stopped for a routine traffic violation. Asuncion argued before the district court that summary judgment on his § 1983 claim was improper because a material issue of fact existed as to whether Yokley had probable cause to arrest him and as to whether the prosecutor had probable cause to prosecute him. Because Maryland law dictates that a prosecution is presumed conclusively to be made with probable cause if an arrestee subsequently is convicted, even if that conviction is later reversed, see Zablonsky v. Perkins, 187 A.2d 314, 316 (Md. 1963), the district court granted summary judgment in favor of the City. On appeal, Asuncion argues for the first time that he falls under an exception to this rule. For the reasons discussed below, we affirm.

I.

On December 11, 1991, Yokley stopped Asuncion and issued him a citation for driving through a red light. After completing the citation, Yokley asked Asuncion to sign the document. Beyond this juncture, the parties' stories diverge widely. Yokley contends that Asuncion became agitated and began acting irrationally, creating a disturbance that distracted other drivers on the road, while Asuncion claims that Yokley began to harass him verbally and physically without provocation. The conflicting versions of the arrest need not con-

_____

[1] Asuncion does not appeal the district court's grant of summary judgment to the City on his state law claims of assault, battery, false arrest, intentional infliction of emotional distress, and malicious prosecution.

cern us; the germane fact is that the encounter resulted in Yokley's arrest of Asuncion for disorderly conduct.

After a bench trial before the Montgomery County District Court, Asuncion was convicted of disorderly conduct. On appeal, a jury found Asuncion not guilty in a trial de novo in the Montgomery County Circuit Court. See Md. Code Ann., Cts. & Jud. Proc. § 12-401(f) (Supp. 1995) (providing that certain criminal appeals from the state district court are tried de novo before the circuit court). Asuncion subsequently brought this action, asserting false arrest and malicious prosecution as the bases for his claim that the City violated his civil rights.

II.

Rule 56(c) of the Federal Rules of Civil Procedure requires the district court to enter summary judgment against a party who, "after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To prevail on a motion for summary judgment, the City must establish that:"(1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law." Harleysville Mut. Ins. Co. v. Packer, 60 F.3d 1116, 1119 (4th Cir. 1995) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). If Asuncion fails to offer proof of an essential element of his case, all other facts are rendered immaterial, there is no genuine issue as to any material fact, and the City is entitled to judgment as a matter of law. See Celotex , 477 U.S. at 323. We review a grant of summary judgment de novo. Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995).

To prove his claim under § 1983, Asuncion must show a malicious prosecution under Maryland law that resulted in a deprivation of his constitutional rights. See Goodwin v. Metts, 885 F.2d 157, 160 n.1 (4th Cir. 1989) (stating the same for South Carolina law), cert. denied, 494 U.S. 1081 (1990). Under Maryland law, the tort of malicious prosecution consists of the following elements:

> (a) a criminal proceeding instituted or continued by the defendant against the plaintiff, (b) termination of the pro-

3

ceeding in favor of the accused, (c) absence of probable cause for the proceeding, and (d) malice, or a primary purpose in instituting the proceeding other than that of bringing an offender to justice.

Brewer v. Mele, 298 A.2d 156, 159 (Md. 1972). Because Asuncion is unable to prove the absence of probable cause, an essential element of the tort, we affirm the district court's grant of summary judgment in favor of the City.**2**

Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding. Zablonsky, 187 A.2d at 316. Thus, Asuncion's conviction in the Montgomery County District Court precludes his establishing the absence of probable cause for the disorderly conduct charge, even though the jury later found him not guilty in a subsequent trial de novo in the circuit court. See Quecedo v. DeVries, 321 A.2d 785, 791 (Md. Ct. Spec. App. 1974) (reaching the same conclusion under similar factual circumstances). Because Asuncion cannot prove an essential element of malicious prosecution under Maryland law, he cannot establish his claim under § 1983. See Bussard v. Neil, 616 F. Supp. 854, 856-57 (M.D. Pa. 1985) (granting summary judgment to defendant on plaintiff's § 1983 claim based on malicious prosecution where plaintiff failed to prove absence of probable cause because of an earlier conviction that was later reversed).

On appeal, Asuncion argues for the first time that his case falls within a narrow exception to the Maryland rule that a conviction determines conclusively the existence of probable cause: if a conviction is "`obtained by fraud, perjury or other corrupt means,'" the conviction loses its conclusive effect. Zablonsky , 187 A.2d at 316 (quoting Restatement of Torts § 667 (1938)). Asuncion contends that his disorderly conduct conviction was obtained through the perjured

_____

**2** The probable cause inquiry with respect to the false arrest claim is essentially the same as the probable cause inquiry with respect to the malicious prosecution claim because all of the evidence of the crime of disorderly conduct used to prosecute Asuncion was before the arresting officer. Accordingly, because we find that there was probable cause to prosecute Asuncion, there was necessarily probable cause for the arrest.

testimony of Yokley, and therefore he should be allowed to prove the absence of probable cause. Asuncion's argument is meritless. We first note that we are not required to address this argument on appeal because Asuncion failed to argue and raise it in the proceedings before the district court. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). Second, in any event, Asuncion's mere recitation of factual inconsistency is insufficient to demonstrate perjury by Yokley during the trial before the state district court. See United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987) (holding that inconsistencies in testimony create, at most, a credibility question for the jury; they do not establish perjury). Thus, we reject Asuncion's argument.

III.

Because we find no genuine issue of material fact concerning the existence of probable cause and because we find Asuncion's belated perjury argument unavailing, we affirm the district court's grant of summary judgment in favor of the City.

AFFIRMED

5